IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SHEA, et al., | ) | CASE NO. 1:15-cv-919 |
| | ) | (Formerly Court of Common Pleas, |
| Plaintiffs, | ) | Cuyahoga County Ohio Case No. CV-15- |
| | ) | 844009) |
| v. | ) | |
| | ) | |
| ARMY JOINT MUNITIONS | ) | JUDGE: CHRISTOPHER A. BOYKO |
| COMMAND, et al., | ) | MAGISTRATE JUDGE: |
| | ) | KENNETH S. McHARGH |
| Defendants. | ) | |
| | ) | **DEFENDANT ORBITAL ATK, INC.'S** |
| | ) | **ANSWER TO PLAINTIFFS'** |
| | ) | **COMPLAINT** |
| | ) | |
| | ) | (Jury Demand Endorsed Hereon) |

For its Answer to Plaintiffs' Complaint, Defendant, Orbital ATK, Inc., improperly named in the Complaint as "Alliant Techsystems, Inc. (ATK)," states the following:

**ANSWER TO COUNT I**

1. Defendant denies the allegations contained in paragraph 1 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth and for the reason that the allegations are directed toward a party other than this answering Defendant.

2. Defendant denies, as stated, the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. Defendant admits it currently operates the Lake City Army Ammunitions Plant.

4. Defendant denies the allegations contained in paragraph 4 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth and for the reason that the allegations are directed toward a party other than this answering Defendant.

## ANSWER TO COUNT II

5. The Plaintiffs' Complaint contains no allegations designated in paragraph 5 and, therefore, Defendant denies the same.

6. Defendant incorporates by reference as if fully rewritten herein its previous answers to the specified paragraphs and further denies the allegations contained in paragraph 6 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth and for the reason that the allegations are directed toward a party other than this answering Defendant.

7. Defendant denies the allegations contained in paragraph 7 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

8. Defendant denies the allegations contained in paragraph 8 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

9. Defendant denies the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. Defendant denies, as stated, the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. – 18. Defendant denies the allegations contained in paragraphs 11 through 18 of Plaintiffs' Complaint.

## FURTHER AND ADDITIONAL DEFENSES

1. Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

2. Any recovery to which Plaintiffs might otherwise have been entitled is barred by the doctrines of laches, waiver, release, unjust enrichment, and/or estoppel.

3. Plaintiffs have failed to join necessary and indispensable parties to this litigation.

4. This Court lacks jurisdiction over the subject matter of Plaintiffs' Complaint.

5. This Court lacks personal jurisdiction over this Defendant.

6. Plaintiffs' claims are barred, in whole or part, by the applicable statute of limitations and/or statute of repose.

7. Any damage or injury which Plaintiffs may have suffered as alleged in their Complaint was directly and proximately caused or contributed to by the negligence of persons other than this Defendant and not presently known to this Defendant.

8. Any damage or injury which Plaintiffs may have suffered as alleged in their Complaint was directly and proximately caused or contributed to by Plaintiffs' own negligence.

9. Any and all damage or injury which Plaintiffs may have suffered as alleged in their Complaint was directly and proximately caused by an act of God.

10. Any and all damage or injury which Plaintiffs may have suffered as alleged in their Complaint was directly and proximately caused by the intervening and/or superseding acts of persons or entities other than this Defendant.

11. Plaintiffs expressly or impliedly assumed the risks of any or all damage or injury they may have suffered as alleged in their Complaint.

12. Service upon this Defendant was insufficient.

13. Service of process upon this Defendant was insufficient.

14. Plaintiffs' claims are barred by the Government Contractor Defense.

15. Plaintiffs have failed to mitigate their damages.

16. The product meets the state-of-the-art as it existed at the time of manufacture and/or the time of alleged injury.

17. Plaintiffs and some other party or parties has superior knowledge of the product and/or made substantial changes or modifications to the product which knowledge and/or

substantial changes or modifications were the proximate cause of the accident and Plaintiffs' alleged damages.

18. Plaintiffs' alleged damages were caused by some party or parties over whom this answering Defendant had no control or right to control.

19. Plaintiffs and some other party or parties misused, altered, mishandled or abused the product in question, which misuse, alteration, mishandling and/or abuse was not reasonably foreseeable to Defendant and was the sole, direct and proximate cause of Plaintiffs' alleged injuries and damages.

20. Plaintiffs' claims are barred by the applicable statute of repose set forth in O.R.C. 2305.15 as the product in question was sold to the first purchaser more than ten years before Plaintiffs' alleged injury.

21. The product is not defective in design or formulation because the harm for which Plaintiffs seek to recover compensatory damages was caused by an inherent characteristic of the product which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community.

22. The product is not defective in design or formulation because, at the time the product left the control of this answering Defendant as a practical and technically feasible alternative design was not formulated.

23. The product which this Defendant has sold, if any, have at all times been reasonably fit and suitable for the purposes for which it was made and sold, and defendant denies the same were defective in any manner for such uses or purposes.

24. Defendant denies that Plaintiffs sustained any injury as a result of contact or use of any product manufactured, processed, and/or sold by this defendant and further states that the injuries and physical condition of which Plaintiffs complain were solely caused by its employees and/or third parties and instrumentalities not connected with this Defendant over whom this Defendant has no control.

25. In the alternative, if Plaintiffs sustained any injury as a result of any product manufactured, processed, and/or sold by this Defendant, which is again specifically denied, the danger arising from the use of such product was open and obvious and was well known to Plaintiffs, or should have been, but that nevertheless, the Plaintiffs continued to use such product and subjected themselves to such conditions with such knowledge, and the Plaintiffs became and are hereby barred from any recovery under the theory of volenti non fit injuria.

26. If Plaintiffs sustained any injury as a result of any product manufactured, processed, and/or sold by this Defendant, which is specifically denied, Defendant owed no duty to warn Plaintiffs of any potential dangers involved. If a warning had been given, it would not have been heeded.

27. If a duty to warn Plaintiffs of potential dangers would be found upon this Defendant, and the existence of such duty is expressly denied, such warning would not have been heeded, and Plaintiffs' injuries were solely, or in the alternative, proximately caused by Plaintiffs' disregard of all warnings and instructions given. Defendant expressly denies that it had a duty to warn Plaintiffs of dangers inherent in the use of products manufactured, sold, or distributed by third parties who are not connected with this Defendant.

28. Plaintiffs have failed to join parties or entities needed for the just adjudication of the within controversy.

29. Plaintiffs, having no right or interest of their own to protect and acting without any moral or legal obligation and without being requested by anyone liable on the obligation to do so, acted as a volunteer.

30. A specific percentage to be determined at trial or hearing by the trier of fact of the tortious conduct that proximately caused the injury or loss to person or property or the wrongful death is attributable to one or more persons from whom the Plaintiffs do not seek recovery in this action, pursuant to Common Law and O.R.C. § 2307.23.

31. Plaintiffs have spoliated, destroyed, and/or failed to maintain any relevant evidence to the prejudice of this Defendant.

32. All of Plaintiffs' common law claims have been abrogated as a matter of law pursuant to O.R.C. 2307.71(B).

33. Defendant reserves the right to assert additional defenses as revealed through discovery.

**WHEREFORE**, having answered, Defendant Orbital ATK, Inc. prays that this Complaint be dismissed with prejudice and requests that a judgment in favor of Defendant Orbital ATK, Inc. be entered accordingly.

Respectfully submitted,

s/Michael J. Pike
**JOSEPH W. PAPPALARDO (0014326)**
**MICHAEL J. PIKE  (0074063)**
Gallagher Sharp
Sixth Floor – Bulkley Building
1501 Euclid Avenue
Cleveland, OH  44115
Telephone:  (216) 241-5310
Facsimile:   (216) 241-1608
E-Mail:         jpappalardo@gallaghersharp.com
  Direct Dial:  (216) 522-1320
E-Mail:         mpike@gallaghersharp.com
  Direct Dial:  (216) 522-1598
*Attorneys for Defendant*
*Orbital ATK, Inc.*

## JURY DEMAND

A trial by the maximum number of jurors permitted by law is hereby demanded.

s/Michael J. Pike
**JOSEPH W. PAPPALARDO (0014326)**
**MICHAEL J. PIKE  (0074063)**
Gallagher Sharp
Sixth Floor – Bulkley Building
1501 Euclid Avenue
Cleveland, OH  44115
Telephone:  (216) 241-5310
Facsimile:   (216) 241-1608
E-Mail:         jpappalardo@gallaghersharp.com
  Direct Dial:  (216) 522-1320
E-Mail:         mpike@gallaghersharp.com
  Direct Dial:  (216) 522-1598
*Attorneys for Defendant*
*Orbital ATK, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2015, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a hard copy of the foregoing was served upon the following, by regular U.S. mail:

Timothy McGarry, Esq.
Celeste M. Manway, Esq.
840 Brainard Road
Highland Heights, OH  44143
*Attorneys for Plaintiffs*

                                          s/Michael J. Pike
                                          **MICHAEL J. PIKE  (0074063)**
                                          *One of the Attorneys for Defendant*
                                          *Orbital ATK, Inc.*